## SAMUEL WEBB vs. COUNTY COMMISSIONERS.

### Waldo. Opinion March 17, 1885.

*Ways. Increase of damages. Report of committee. R. S., 1871, c. 18, § 8.*

The committee appointed under R. S., 1871, c. 18, § 8, to appraise damages in case of location of ways are not required to make their report at the first term of the Supreme Judicial Court next after appointment.

The report may be presented to the court when it is finally completed.

ON EXCEPTIONS.

Petition for increase of damages for land taken for a highway, located by county commissioners, filed at the December term, 1882.

At the April term, 1883, of the commissioners, a committee of three was agreed upon and a warrant was issued to them. At the October term, 1883, of the Supreme Judicial Court, a return was filed with the clerk, signed by two of the committee. The return remained in the hands of the clerk, signed by but two of that committee, until the April term, 1884.

At that term, the presiding judge, against the respondents' objections, allowed the other member of the committee to sign the return. After the return had been signed by the third member of the committee, the case was entered upon the docket, and the presiding judge ordered the report accepted.

To the ruling allowing the return to be signed by the third member of the committee, and to the acceptance of the return by the presiding judge, the respondents alleged exceptions.

*Philo Hersey*, for the plaintiff.

*Wm. H. Fogler* and *George E. Wallace*, for the defendants.

No report having been filed at the October term, 1883, the court at that term, or at any subsequent term, should have ordered the appeal dismissed.

A report filed at a subsequent term is void and cannot be accepted. *Belfast* v. *Co. Com.* 53 Maine, 431; *Windham, Pet'rs*, 32 Maine, 452.

"The legislature has not seen fit to make the prompt decision of these appeals in any manner dependent upon the caprice, carelessness or procrastinating disposition" of any committee or party. The court has no authority to depart from the express provisions of the statute, to give effect to unauthorized proceedings. *French* v. *Co. Com.* 64 Maine, 583.

EMERY, J. The question is whether the committee agreed upon under R. S., 1871, c. 18, § 8, upon petition for increase of damages for land taken for roads, must make their report to this court at the term next after their appointment, or at the term next after their final decision. By § 13 of the same chapter, the jury, ( if no committee was agreed upon ) were to view the premises, hear the testimony and the arguments of the

parties and their counsel, and render a verdict signed by all of them, which was to be enclosed in an envelope with an endorsement·thereon stating the contents, and delivered to the officer having charge of them, "who is to return it to the Supreme Judicial Court at the next term thereof to be held in the same county." The officer clearly was to return it to the next term after he received it, and the term meant is the term next after the verdict is signed and sealed up.

After detailing what is to be done with the verdict in court after it is returned, the same section provides, "If the matter is determined by a committee, as provided in this chapter, their report shall be made to the next term of said court held in the same county." The committee's report was to be made no earlier than the jury's verdict was to be returned. We think the language of the statute does not require either to be done at the first term after the appointment.

In the matter of a committee appointed by the Supreme Judicial Court in road cases, under § 38, the legislature expressly stipulated·in words that the report should be made "at the next or second term after their appointment." In providing, in the same chapter, for the report of the committee appointed by the court of county commissioners, the words "after their appointment" are omitted. The difference in the language is noticeable, and we think there is an equal difference in the intent.

*Exceptions overruled.*

Peters, C. J., Danforth, Virgin, Foster and Haskell, JJ., concurred.